IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21872-Civ-Scola

HENRYK SWITALA,

    Plaintiff,

vs.

BLANKA ROSENSTIEL,

    Defendant.

_____/

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD PARTIES

    HENRYK SWITALA, Plaintiff by and through the undersigned counsel, herby submits to the Honorable Judge Robert N. Scola, Jr. this Motion for Leave to File Amended Complaint pursuant to Rule 15(a) and 20 of the Federal Rules of Civil Procedure. Plaintiff's attorney reached out to Defendant's attorney on 7/25/2017 and 7/28/2017 regarding this motion, but was not able to reach them and has no idea of their position on its filing. The Motion is filed 7/31/2017 under a deadline to respond to Defendant's Motion to Dismiss filed 7/17/2017.

    The main premise of this Motion is that while discovering other similarly situated nurses and domestic service employees, particularly Lester Brown[1], four things because obvious and necessary to make this amendment. 1.) Other nurses and domestic service employees of Defendants are "similarly situated" with common facts and question of law regarding the same FLSA claims; 2.) Brown and Switala have two similar claims against Defendants; 3.) Blanka A. Rosenstiel and the Blanka A. Rosenstiel Trust have paid many checks interchangeable for Brown, Switala and all other similarly situated employees; and 4.) claims must be added to the complaint as circumstances have changed that have become apparent during pre-discovery investigations with Brown and Switala.

    This Motion would amend the Plaintiff's Third Amended Complaint. Claims are added,

---

[1] On 7/6/2017 Lester Brown hired Matt Person as attorney on this matter and requesting to enter lawsuit.

but no factual circumstance have changed from the original complaint as basis for these new claims. This amendment will both add Plaintiff Brown to some claims and make the FLSA overtime claim a "Collective Action" under 29. U.S.C. 216(b). Plaintiff has already file a Statement of Claim on May 24, 2017. Defendant has not yet filed a responsive pleading, but did file a Motion to Dismiss on 7/17/2017. This Amended Complaint addresses each of the five (5) deficiency alleged in Defendant's open Motion to Dismiss.

## MEMORANDUM OF LAW

The decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. In *Foman*, the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230. Federal Rule of Civil Procedure 15 permits a party to amend the party's pleading when a responsive pleading has been filed "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15 (a). Using the factors outlined above, the Court should grant leave to Plaintiff to amend his complaint as requested above.

### I. The Amendment Will Not Prejudice the Defendant.

As to factor one, allowing Plaintiff to amend his complaint will not be prejudicial to either side. Even though the FLSA claim is being made a "collective action" not new facts or questions of law are presented. Presently, the parties are in the very beginning stages of litigation. The Defendant has not answered and a scheduling order has not even been issued. The deadline of Joinder has not even been set. Thus, both sides have ample time to conduct discovery as to Plaintiff's claims. Moreover, Plaintiff is not seeking to postpone any other deadlines, in fact the Plaintiff has already submitted a Statement of Claim. As a result, the Court should find that Defendant will not suffer any prejudice in allowing Plaintiff to amend his Complaint at this early stage of litigation. See *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 815 (M.D. Fla. 1995).

### II. Plaintiff Timely Sought to File his Amended Complaint.

Additionally, the proposed amendment is not unduly delayed. This case just began, no

responsive pleadings have been filed, no discovery taken, and no rulings have been made by the Court as any claim or defense. Thus, Plaintiff's proposed amendment cannot be considered unduly delayed.

### III. Plaintiff's Amendment is Not Futile.

Plaintiff's claims are not futile, but the opposite in that we are streamlining them for this court for similarly situated nurses and domestic service employees. Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980). That is not the case here. At this time it is not known if the Defendants will dispute Plaintiff's claims, either way, the facts in the proposed Amended Complaint still demonstrate that Plaintiff's claims cannot be considered "futile" at the pleading stage.

### IV. Joinder of Parties is Necessary and Time Saving.

Defendant Rosenstiel will not be unduly prejudiced by the addition of Lester Brown, the move of the FLSA claim to a "Collective Action, nor the addistion of the Blanka A. Rosenstiel Trust as a second Defendant. Defendant Rosenstiel make payments to nurses and domestic service employees interchangeably out of her personal account and the trust. The employees worked interchangeably for her and the Trust's business purposes in trade and interstate commerce. The Claims added to this Fourth Amended Complaint for Brown and Switala are identical. There are no independent claims of the Joined Plaintiff Brown.

For these reasons, Plaintiff respectfully requests the opportunity to file the attached Fourth Amended Complaint.

CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3) Plaintiff's counsel attempt to confer with Defendant's counsel prior to filing this Motion. Counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (on 7/25 by email and 7/28 by email and phone), but has been unable to do so.

Dated: July 31, 2017                                          Respectfully submitted,

Person Law

/s/ Matt Person
Matt Person (Florida Bar Number: 0103754)
Attorney E-Mail Addresses:
mtyperson@gmail.com;
SERVICE_PersonLaw@yahoo.com
Person Law
565 NE 66th Street, Ste. 1
Miami, FL  33138
Telephone: (305) 640-5754
Fax: (888) 602-4190
Attorney for Plaintiff: HENRYK SWITALA

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Chelsea A. Lewis, Esq.
Glasser & Kleppin, P. A.
8751 W. Broward Boulevard, Suite 105
Plantation, Florida 33324
Telephone:  (954) 424-1933
Facsimile:  (954) 474-7405
E-mail:  clewis@gkemploymentlaw.com
mailto:ckleppin@gkemploymentlaw.com

Chelsea A. Lewis
Glasser & Kleppin, P.A.

8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: clewis@gkemploymentlaw.com

        Respectfully submitted,

        /s/ Matt Person
        Matt Person (Florida Bar Number: 0103754)
        Attorney E-Mail Addresses:
        mtyperson@gmail.com;
        SERVICE_PersonLaw@yahoo.com
        Person Law
        565 NE 66th Street, Ste. 1
        Miami, FL  33138
        Telephone: (305) 640-5754
        Fax: (888) 602-4190
        Attorney for Plaintiff: HENRYK SWITALA