United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Henryk Switala, Plaintiff,<br>v.<br>Blanka Rosenstiel, Defendant. | )<br>)  Civil Action No. 17-21872-Civ-Scola<br>) |

### Order on Motion for Leave to Amend

Plaintiff Henryk Switala brings this action against Defendant Blanka Rosenstiel for Rosenstiel's alleged failure to pay overtime wages and her termination of Switala's employment in retaliation for his complaints concerning his classification as an independent contractor rather than an employee. This matter is before the Court on the Plaintiff's Motion for Leave to File Amended Complaint to Add Parties (ECF No. 15). The Plaintiff filed the motion in lieu of a response to the Defendant's Motion to Dismiss the Plaintiff's Third Amended Complaint (ECF No. 14). For the reasons set forth below, the Court **grants in part** the motion for leave to amend (**ECF No. 15**).

**1. Background**

The Third Amended Complaint alleges that, from August 1, 2011 through August 23, 2013, Rosenstiel employed Switala to serve as a nurse's assistant for Rosenstiel's incapacitated brother, as well as a "bartending [sic], repairman, and general housekeeper." (Third Am. Compl. ¶¶ 6, 8.) Rosenstiel also employed several other nurses and housekeepers. (*Id.* ¶ 5.) Switala alleges that he was paid $15.00 per hour, and that he regularly worked more than forty hours per week. (*Id.* ¶¶ 8, 10.) For tax purposes, Rosenstiel classified Switala as an independent contractor, rather than an employee, and did not pay him overtime wages. (*Id.* ¶¶ 7, 11, 17-19.) In addition, Rosenstiel did not withhold funds from Switala's paycheck for Social Security, Medicare, and other federal and state taxes. (*Id.* ¶¶ 13, 15, 22.)

Switala's accountant requested that he ask Rosenstiel to classify him as an employee, and Switala requested that Rosenstiel do so on three occasions. (*Id.* ¶¶ 18, 20-22.) Switala alleges that in 2012, he "began to accrue major tax issues with IRS due to unpaid and improperly reported taxes." (*Id.* ¶ 23.) On August 23, 2013, Rosenstiel fired Switala, allegedly because Switala spoke with a lawyer about his misclassification as an independent contractor. (*Id.* ¶ 27.) Switala has since paid a total of $11,405.41 to the IRS to remove tax liens that were placed on his property due to the improperly reported taxes, and was

unable to receive state unemployment benefits since Rosenstiel did not pay unemployment taxes on his behalf. (*Id.* ¶ 31.)

On May 18, 2017, the Defendant removed the Plaintiff's Second Amended Complaint to this Court (ECF No. 1). On July 5, 2017, the Plaintiff filed his Third Amended Complaint (ECF No. 13). Count One of the Third Amended Complaint asserts a claim for unpaid overtime wages under the FLSA; Count Two asserts a claim of retaliatory discharge under the FLSA; and Count Three asserts a claim of unlawful retaliation under the Florida Whistleblower Act. The Defendant moved to dismiss the Third Amended Complaint (ECF No. 14). In response, Switala filed a motion for leave to file a Fourth Amended Complaint (ECF No. 15).

The proposed Fourth Amended Complaint (the "FAC") seeks to add an additional Plaintiff, Lester Brown, who was also employed by Rosenstiel as a domestic service employee. (Mot. for Leave to Amend at 1.) Brown and Switala now purport to bring this action as a collective action under the FLSA. (FAC, ECF No. 15-1.) The FAC also adds an additional Defendant, the Blanka A. Rosenstiel Trust (the "Trust"), because Switala alleges that both Rosenstiel and the Trust issued paychecks to Rosenstiel's employees. (*Id.*) Finally, the FAC adds claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and 26 U.S.C. § 7434(a), which provides a civil remedy for the filing of fraudulent information returns.

Rosenstiel opposes the motion for leave to amend, arguing that the amendment would be futile because the FAC contains many of the same defects as the Third Amended Complaint. (Def.'s Resp., ECF No. 23.)

**2. Legal Standard**

   **A. Standard for Motion for Leave to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint after the time limits of 15(a)(1) have expired may do so only with the opposing party's written consent or the court's leave. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). Further, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. However, a court may properly deny leave to amend when such amendment would be futile, such as when the amended complaint would be subject to dismissal. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). In addition, courts may deny a motion for leave to amend where allowing the amendment will result in undue delay or undue prejudice,

or where the movant proposes the amendment in bad faith or for a dilatory motive. *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

### B. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### 3. Analysis

Since Rosenstiel argues that each of the counts in the FAC would be subject to dismissal, the Court will analyze Rosenstiel's arguments concerning each count of the FAC in turn. The Court notes that Rosenstiel has not made any substantive arguments about undue delay or bad faith, and the motion for leave to amend was filed prior to the entry of the Scheduling Order in this case.

### A. Claim for Unpaid Overtime Wages Under the FLSA

Count One of the FAC asserts a claim for unpaid overtime wages under the FLSA on behalf of Switala, Brown, and all other similarly situated employees. The Eleventh Circuit has recognized that "the requirements to state

a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008).

Rosenstiel first argues that the Plaintiffs' FLSA claims are barred by the statute of limitations. FLSA claims are generally subject to a two-year statute of limitations. 29 U.S.C. § 255(a); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). However, "if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years. *Id.* In order to establish willfulness, an employee must prove "'that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was.'" *Morgan*, 551 F.3d at 1280 (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008). The FAC alleges that Rosenstiel and her accountant intentionally misclassified Rosenstiel's employees as independent contractors in order to save expenses, failed to post federal labor posters so that the employees would not know their rights, and deceived the employees about their classification when confronted. (FAC ¶¶ 56, 58-63.) Therefore, the FAC sufficiently alleges that the FLSA violations were willful, and the three-year statute of limitations would apply for purposes of a motion to dismiss.

The statute of limitations is an affirmative defense, and "dismissal on such grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred," and "only if it appears beyond a doubt that a plaintiff can prove no set of facts that toll the statute." *Labbe*, 319 Fed. Appx. at 764 (internal quotations and citations omitted). Although the FAC does not allege the dates of Switala's employment, the Third Amended Complaint alleges that Switala worked for Rosenstiel until August 23, 2013. (Third Am. Compl. ¶ 6.) Switala initiated this action by filing a *pro se* Statement of Claim in small claims court on August 7, 2015, claiming that he had not been paid overtime wages. *Switala v. Rosenstiel*, Case No. 2015-014076-SP-23 (Fla. Miami-Dade County Ct. Aug. 7, 2015). With respect to Brown, the FAC alleges that he worked for Rosenstiel from November 1, 2005 through October 27, 2014. (FAC ¶ 66.) Thus, at least a portion of both Plaintiffs' claims are not time-barred. "The possibility that *some* of the alleged violations may have occurred during a time-barred period . . . does not sustain the dismissal of the complaint, in its entirety." *Labbe*, 319 Fed. Appx. at 764. Moreover, the FAC contains sufficient factual allegations concerning the Defendants' intentional interference with the Plaintiffs' ability to pursue their rights that the Court cannot say that it is beyond doubt that the Plaintiffs could prove no set of facts that toll the statute.

(*See, e.g.*, FAC ¶ 5.) Accordingly, the Plaintiffs' claims for unpaid overtime wages would not be subject to dismissal on this ground.

Next, Rosenstiel argues that neither she nor the Trust are liable under the FLSA because neither is engaged in interstate commerce. To establish an FLSA claim for unpaid overtime wages, "an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis v. Wall to Wall to Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). Coverage can be demonstrated in one of two ways: either through "enterprise coverage" or through "individual coverage." *Id.* "An employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce." *Id.* (internal quotations and citations omitted).

It is well-established that the FLSA applies to domestic service employees. *See, e.g., Buckner v. Florida Habilitation Network, Inc.*, 489 F.3d 1151, 1154 (11th Cir. 2007) (noting that "[i]n 1974 Congress extended the coverage of the FLSA to apply to 'domestic services,' which was understood to mean those employed within the home in various capacities."). The statute itself states that "any employee in domestic service in one or more households for a workweek longer than forty hours" is entitled to both minimum and overtime wages. 29 U.S.C. §§ 206(f), 207(l). A Department of Labor regulation defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home," including "companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors . . . home health aides, personal care aides" etc. 29 C.F.R. 552.3. Thus, the FAC contains sufficient factual allegations for the Court to infer that the Plaintiffs may at least claim individual coverage, and possibly enterprise coverage, under the FLSA. (FAC ¶¶ 22-25.) The Court finds it troubling that neither party cited to the above-referenced provisions of the FLSA or discussed the FLSA's well-established applicability to domestic services employees in their briefing on this issue.

Finally, Rosenstiel argues that neither she nor the Trust are a "person" or "employer" for purposes the FLSA. Although Rosenstiel admits that she is a person as defined by the FLSA, she argues that she is not an enterprise. (Def.'s Resp. at 9.) However, Rosenstiel does not have to qualify as an "enterprise" in order to be considered an employer under the FLSA. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(d), (g). "[C]ourts should apply these terms in light of the 'economic reality' of the relationship between the parties." *Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). As part of this economic reality test, courts must analyze "whether the alleged employer (1) had the

power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citations omitted). The FAC alleges that Rosenstiel performed at least three of these duties. (FAC ¶¶ 20, 34-36, 53, 55, 75.) Thus, the FAC sufficiently alleges that Rosenstiel is an employer within the meaning of the FLSA. Once again, the Court notes that neither party referenced the FLSA's definition of "employer" or "employ," and neither party discussed the economic reality test, in their briefing on this issue.

With respect to the Trust, Rosenstiel argues that only business trusts are subject to liability under the FLSA. Since the FAC alleges that the Trust does business "as philanthropist, foundation, fundraiser and patron," Rosenstiel argues that the Trust does not qualify as a business trust. (Def.'s Resp. at 9.) As discussed above, the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(d), (g). The FLSA defines "person" as "an individual, partnership, association, corporation, business trust, legal representative, *or any organized group of persons*." 29 U.S.C. § 203(a) (emphasis added).

Rosenstiel has provided the Court with no support whatsoever for her claim that a non-business trust does not qualify as a "person" within the meaning of the FLSA. Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (internal quotation omitted). Therefore, the Court will not decide the issue at this time. The Court notes that whether the Trust qualifies as one of the types of entities listed in the FLSA's definition of "person" is likely to present a factual question more properly resolved at a later stage in the case.

The Plaintiffs have alleged that their paychecks came from both Rosenstiel and the Trust, that both the Trust and Rosenstiel were responsible for setting the employees' work schedules and supervising the conditions of their employment, and that the Trust was the Plaintiffs' employer for purposes of the FLSA. (Fourth Am. Compl. ¶¶ 34, 52-53.) Taking the allegations in the

FAC as true, the Plaintiffs have sufficiently alleged that the Trust was an employer within the meaning of the FAC for purposes of a motion to dismiss.

Finally, the Court notes that Rosenstiel has raised several arguments that reimbursement for unpaid employment taxes is not available under the FLSA. However, Count One of the FAC only demands monetary relief in the form of unpaid wages and attorneys' fees and costs. Thus, the Court need not address Rosenstiel's arguments concerning the availability of other forms of relief.

### B. FDUTPA Claim

Count Two of the FAC asserts a claim under the FDUTPA, alleging that the Defendants' misclassification of the Plaintiffs as independent contractors was an unfair and deceptive trade practice. (FAC ¶¶ 115-129.) The goal of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). An FDUTPA claim requires that the plaintiff allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. 4th Dist. Ct. App. 2008). Under FDUTPA, a deceptive act is "one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Hennegan Co. v. Arriola*, 855 F.Supp.2d 1354, 1360-61 (S.D. Fla. 2012) (King, J.) (quoting *Washington v. LaSalle Bank Nat'l Ass'n*, 817 F.Supp.2d 1345, 1350 (S.D. Fla. 2011) (Seitz, J.)). Special or consequential damages do not constitute actual damages for purposes of FDUTPA. *City First Mortg. Corp.*, 988 So.2d at 86.

Rosenstiel argues that the Plaintiffs' allegations do not establish that they were misled, that the Internal Revenue Service ("IRS") found that the Plaintiffs were not misclassified, and that the Plaintiffs have not alleged damages that are recognized under FDUTPA. (Def.'s Resp. at 11-14.) As an initial matter, the Court notes that neither the Third Amended Complaint nor the FAC contain any allegations concerning an IRS ruling, nor do any of the exhibits attached thereto purport to be such a ruling. In addition, although there is a split among district courts within the Eleventh Circuit, this Court has held that an allegation that an employee was misclassified as an independent contractor can form the basis for an FDUTPA claim. *See, e.g., Seijo v. Casa Salsa, Inc.*, No. 12-60892, 2013 WL 6184969, at *6 (S.D. Fla. Nov. 25, 2013) (Scola, J.) (finding that FDUTPA covers conduct that "'offends established public policy,'" and that there is an established public policy that

employers should correctly characterize their employees as employees instead of independent contractors); *but see Carroll v. Lowes Home Centers*, No. 12-23996, 2014 WL 1928669, at *3-4 (S.D. Fla. May 6, 2014) (Gold, J.) (holding that allegation that employee was misclassified as independent contractor cannot form the basis for FDUTPA claim because the legislative history of FDUTPA indicates that the Florida Legislature did not intend to expand the statute's protections to non-consumers). Once again, the Court is compelled to note that Rosenstiel did not cite any case law in support of her arguments that the Plaintiffs' allegations are insufficient to establish an FDUTPA violation, nor did the Plaintiffs cite any relevant case law in their opposition.

With respect to actual damages, the FDUTPA count itself is vague about the damages suffered by the Plaintiffs as a result of the deceptive or unfair trade practice. The FDUTPA count alleges that "Defendants have obtained valuable property, money and/or services" from the Plaintiffs, and that they seek to "restore them the money and property that Defendants have acquired, or of which Brown and Switala have been deprived . . . ." (FAC ¶¶ 125, 127, 129.) However, the Plaintiffs have generally alleged that the Defendants failed to pay employment taxes on their behalf and failed to pay them overtime wages. Since an employment misclassification allegation can form the basis of an FDUTPA claim, it follows that unpaid overtime wages can qualify as actual damages under FDUTPA. However, "[s]tate law claims brought in order to recover taxes resulting from the misclassification of an employee as an independent contractor are preempted by Federal law." *Bishop v. VIP Transportation Grp., LLC*, No. 15-2118-ORL-22KRS, 2016 WL 4435700, at *5 (M.D. Fla. Aug. 2, 2016) (citations omitted); *Mann v. Falk*, No. 11-cv-14432, 2012 WL 4986728, at *7 (S.D. Fla. Oct. 15, 2012) (Moore, J.) (citing *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 65 (3d Cir. 2008)). Thus, the Plaintiffs' recovery under the FDUTPA would be limited to the amount of overtime wages that the Defendants allegedly failed to pay them.

The Court notes that Rosenstiel argues that the FDUTPA claim "is unmanageable as a class action." (Def.'s Resp. at 14.) However, it does not appear that the Plaintiffs intend to seek class certification with respect to the FDUTPA claim, as that count specifically states that it is asserted with respect to Plaintiffs Brown and Switala. (FAC ¶ 116.) By comparison, Count One states that the Plaintiffs intend to bring the claim on behalf of themselves and all other similarly situated employees under the FLSA. (*Id.* ¶ 108.) Moreover, it is premature for the Court to consider such arguments as the Plaintiffs have not filed any motions for class certification or conditional certification of a collective under the FLSA.

### C. Claim for Retaliatory Discharge Under the FLSA

Count Four of the FAC asserts a claim of retaliatory discharge under the FLSA on behalf of Switala. As set forth above, the statute of limitations for FLSA actions is three years for a willful violation. The FAC alleges that Switala's employment was terminated on August 23, 2013. (FAC ¶ 88.) Although Switala filed a statement of claim in small claims court on August 7, 2015, it only included allegations of unpaid overtime wages. Switala did not make any allegations of retaliatory discharge until March 22, 2017. Therefore, Count Four of the FAC is time-barred and would be subject to dismissal.

### D. Fraudulent Filing of Information

Count Four of the FAC asserts a claim of fraudulent filing of information returns under 26 U.S.C. § 7434, which provides that if a person "willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim under this statute, a plaintiff must establish that (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent return. *Seijo*, 2013 WL 6184969, at *7 (citing *Pitcher v. Waldman*, 2012 WL 5269060, at *4 (S.D. Ohio Oct. 23, 2012)).

Rosenstiel concedes that misclassification of a person's employment can support a claim under 26 U.S.C. § 7434 and that the Form 1099-MISCs qualify as information returns, but argues that the claim fails because: (1) the IRS has already determined that the Plaintiffs have been misclassified; (2) the Plaintiffs have not identified who issued the information return(s); and (3) the Plaintiffs have not sufficiently alleged that the Defendants fraudulently issued the return. (Def.'s Resp. at 14-15.) With respect to the first argument, as noted above, neither the Third Amended Complaint nor the proposed FAC contain any allegations concerning an IRS ruling, nor do any of the exhibits attached thereto purport to be such a ruling.

With respect to the Defendants' second and third arguments, courts have found that willfulness in the context of 26 U.S.C. § 7434 "'connotes a voluntary, intentional violation of a legal duty,' and that tax fraud typically requires 'intentional wrongdoing.'" *Leon v. Tapas & Tintos, Inc.*, 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014) (Moreno, J.) (quoting *Vandenheede v. Vecchio*, 541 Fed. Appx. 577, 580 (6th Cir. 2013)). At the motion to dismiss stage, "[b]are assertions that Defendants 'knew' the returns to be false, or that Plaintiff requested that Defendants pay him as an employee – without specific facts as to the who, what, when, why or how surrounding the actual filing of returns – does not meet the standard for pleading tax fraud." *Id.*

The Plaintiffs have included sufficient factual allegations in the FAC for the Court to infer that the Defendants knew that the Plaintiffs were misclassified as independent contractors. For example, the Plaintiffs allege that both Brown and Switala informed the Defendants that they were unlawfully classified as independent contractors, and have provided the approximate dates of those conversations. (FAC ¶¶ 68, 76, 83-85.) Both Plaintiffs allege that the Defendants instructed their accountant as to what employment classification to use for the Plaintiffs, that the Defendants referred the Plaintiffs to the accountant to discuss the classification issue, and that the accountant told both Plaintiffs that the Defendants had too many expenses to reclassify them as employees. (*Id.* ¶¶ 69-72, 78-81.) Finally, the Plaintiffs have included numerous factual allegations concerning the Defendants' motive for misclassifying them. (*See, e.g.,* FAC ¶¶ 57-59). However, the Plaintiffs have not included sufficient factual allegations concerning the actual filing of the fraudulent information returns. For example, the Plaintiffs have not alleged which Defendant issued the returns or when they were issued. Therefore, the claim as pleaded in the FAC would be subject to dismissal.

### E. Florida Whistleblower Act Claim

Count Five of the FAC asserts a cause of action with respect to Plaintiff Switala under the Florida Whistleblower Act, Fla. Stat. § 448.102. Such claims must be brought "within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier." Fla. Stat. § 448.103. The FAC alleges that Rosenstiel terminated Switala's employment on August 23, 2013, "in retaliation for talking to authorities about his misclassification." (FAC ¶ 156.) The Plaintiffs included emails between Rosenstiel and Switala from that time period as an exhibit to the Complaint. (*Id.* at Ex. P2.) The emails from both Switala and Rosenstiel demonstrate that Switala believed in August 2013 that he was terminated as a result of his communications with third parties concerning his employment classification. (*Id.*) Therefore, it is apparent from the face of the FAC and the exhibits attached thereto that the two-year statute of limitations began running on August 23, 2013.

Although Switala filed a complaint in small claims court on August 7, 2015, he only asserted that Rosenstiel had failed to pay his employment taxes and overtime wages. Switala did not assert a claim under the Florida Whistleblower Act until March 22, 2017. Therefore, Count Five of the FAC is time-barred and would be subject to dismissal.

### 4. Conclusion

In light of the policy of liberally permitting amendments, and because the Court does not find a substantial reason to deny leave to amend several of the counts in the complaint, the Court **grants in part** the Plaintiffs' motion for leave to file amended complaint (**ECF No. 15**). The Plaintiffs may file the proposed Fourth Amended Complaint, subject to the following restrictions. First, the amended complaint may not include Switala's claim under the Florida Whistleblower Act or his claim for retaliatory discharge under the FLSA, as both are time-barred. Second, the amended complaint may not include the Plaintiffs' claim for fraudulent filing of information as it is currently pleaded. To the extent that the Plaintiffs can remedy the deficiencies in that claim, they may include an amended version of the claim in the FAC. Finally, the amended complaint must specify the damages that form the basis of the FDUTPA claim. The Plaintiffs must file the amended complaint as a properly docketed separate entry by **October 13, 2017**. The Court **denies as moot** the Defendants' motion to dismiss the Third Amended Complaint (**ECF No. 14**).

Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant Rosenstiel shall file a response within fourteen days of service of the Fourth Amended Complaint. Defendant Blank A. Rosenstiel Trust shall file a response within twenty-one days of service of the Fourth Amended Complaint.

As noted throughout this Order, the briefs submitted by both parties were rife with arguments that were undeveloped and completely lacking in citations to the relevant legal authority. The Court cautions the parties that any arguments raised in future filings must be well-developed and supported with citations to the relevant statutes, case law, or other legal authority.

**Done and ordered** at Miami, Florida on October 3, 2017.

_____
Robert N. Scola, Jr.
United States District Judge