UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21872-CIV-SCOLA

HENRYK SWITALA,

    Plaintiff,

v.

BLANKA ROSENSTIEL, BLANKA A.
ROSENSTIEL TRUST,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
## FOURTH AMENDED COMPLAINT

Defendants, Blanka Rosenstiel and Blanka A. Rosenstiel Trust ("Defendants" unless noted separately as "Rosenstiel" and "Trust"), files this Response to Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint (hereinafter "FAC"), and state:

## BACKGROUND

Plaintiff Switala filed a "Second Amended Complaint" against Defendants, which was the initial complaint filed on March 22, 2017 and served on April 28, 2017, against solely Rosenstiel in the County Court in and for Miami-Dade County. [D.E. 1]. However, it purports to amend a First Amended Complaint filed in small claims court on August 7, 2015 but never served on either Defendant, though this Court has previously suggested that for statute of limitations purposes for the FLSA claim that was brought by Plaintiff Switala solely against Defendant Rosenstiel it is as if suit was commenced on August 7, 2015.

The issue herein, of course, is the commencement of the statute of limitations for the newly added Plaintiff Lester Brown and the newly added Defendant the Trust.[1] On important rubric for this motion is that: "It is undisputed that named plaintiffs commence their civil action upon the filing of their complaint." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1105 (11th Cir. 1996) (citing

---

[1] Oddly, despite the opening paragraph stating that the Trust is added as a party-defendant and Lester Brown is added as party-plaintiff, the actual caption of the FAC contradictorily contains only two parties—Plaintiff Switala and Defendant Rosenstiel. Construing the FAC in the light most

*O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 394 (8th Cir. 1987)). Here, the filing of the FAC occurred on October 20, 2017 [D.E. 34],[2] which is the commencement date for measuring the applicable statute of limitations for Plaintiff Brown's entire case and as to both Plaintiffs' cases with respect to the Trust.

The FAC alleges Defendants failed to pay Plaintiffs overtime due under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* The FAC largely consists of conclusory statements. The conclusory statements in the FAC do not render the allegations plausible, because in determining plausibility, such conclusory statements should not be considered. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).[3]

## MEMORANDUM OF LAW

### I. THE LEGAL STANDARDS FOR GRANTING A MOTION FOR SUMMARY JUDGMENT AND DISMISSAL UNDER 12(b)(1)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. Years ago, a complaint would not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appeared beyond doubt that the plaintiff could prove no set of facts that support a claim for relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982), and in reviewing a motion to dismiss, the courts were required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573

---

favorable to the Plaintiffs, the Defendants will assume that the Court will find that the FAC is brought as stated in the opening paragraph instead of as described in the caption.

[2] At one time, the operative pleading contained language suggesting that Plaintiff Switala was seeking an op-in collective action under § 216(b), but all such allegations were dropped and are not contained in the FAC. Had those allegations remained, the commencement of the suit (and the date on from which the statute of limitations is locked in for any opt-in plaintiffs) is the date on which any opt-in plaintiff would be deemed to have commenced suit. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1105 (11th Cir. 1996).

[3] In *Cigna Corp.*, the Eleventh Circuit held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1289. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* The Eleventh Circuit noted that the Supreme Court has recently suggested a two-prong approach to resolving motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* Importantly, the Eleventh Circuit held that "courts may infer from the factual allegations in the complaint obvious

(M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). Back then, only those allegations that were "well pleaded" needed to be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court did not have to accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff could not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). The Court did not have to accept factual claims that were internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

The law pertaining to motions to dismiss has changed dramatically in the last few years. Actions may now be dismissed if they fail to be "plausible on their face" or if they fail "to raise a right to relief above the speculative level." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). In *Cigna Corp.*, the Eleventh Circuit held that in *Twombly* (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), "the Supreme Court expressly 'retired' the 'no set of facts' pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*." *Id.* Further, the Eleventh Circuit held that the *Twombly* Court requires that complaints contain "factual allegations [that] must be enough to raise a right to relief above the speculative level." *Id.* "The Court ultimately held that to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The Court "held that the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). The Court noted that "when plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In *Cigna Corp.*, the Eleventh Circuit held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the Court to infer." *Id.*

3

complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* The Eleventh Circuit noted that the Supreme Court has recently suggested a two-prong approach to resolving motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* Importantly, the Eleventh Circuit held that "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the Court to infer." *Id.*

Here, the Plaintiff request relief is not appropriate, because they seek all sorts of relief regarding tax liens, and payroll taxes (as calculated in Plaintiff's Statement of Claim) like Medicare, social security, and federal unemployment taxes that are not even available under the federal statutes regulating such taxes, see FICA and FUTA.

Concerning Motions to Strike, Rule 12(f) provides that, upon motion, the Court may strike "any redundant, immaterial, impertinent or scandalous matter in any pleading." However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.' *Al-Rayes v. Willingham*, 2007 WL 788401, at *5 (M.D. Fla.) (citing *Scelta v. Delicatessen Support Servs., Inc.,* 57 F.Supp.2d 1327, 1347 (M.D. Fla. 1999). If part of the challenged material is found to be so connected with the subject matter of the suit that it might be deemed to present a question of law or fact that the district court is obligated to hear and determine, it cannot be stricken as impertinent; the allegation must be considered and its sufficiency as a defense passed upon by the court. *Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, 53 F.R.D. 585 (W.D. Pa. 1971).

## II. THE FAC DOES NOT RELATE BACK TO THE FIRST AMENDED COMPLAINT THE COURT PREVIOUSLY SUGGESTED WAS DEEMED TO BE FILED ON AUGUST 7, 2015 WITH RESPECT TO EITHER THE NEW DEFENDANT—THE TRUST—OR THE NEW PLAINTIFF—LESTER BROWN.

Initially, the FAC does not plead that any claims relate back to any previous pleading as against either Defendant or as to either Plaintiff. Rule 15 identifies two possible ways in which an amended pleading can relate back to an earlier pleading, thus allowing it to adopt the latter's filing date and not be time-barred by statutes of limitations or similar provisions. First, relation back is permitted when the law imposing the statute of limitations itself permits relation back. *See* Fed.R.Civ.P. 15(c)(1)(A).[6] Second, a pleading would relate back if it "asserts a claim or defense that

arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). However, Rule 15 imposes an additional requirement for pleadings in this second group that also involve a change in the party against whom the claim is asserted. *See* Fed.R.Civ.P. 15(c)(1)(C). In order for pleadings in that subgroup to relate back, the party being added must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits . . . and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* Such pleadings also still must meet the common transaction or occurrence test of Rule 15(c)(1)(B). *See id.* Here, there are no allegations that would make one conclude that Plaintiff Switala meant to sue the Trust but mistakenly sued Rosenstiel. Therefore, *as to both Plaintiffs, the date that the suit commenced against the Trust was October 20, 2017*.

The FAC specifically alleges in ¶ 12 that the Trust paid the Plaintiffs throughout their employment, and thus the Plaintiffs were certainly on notice that the Trust may be a potential Defendant, and the Court should not draw any inference that the Plaintiffs did not know nor should have known that the Trust was in the picture as a party-defendant. Moreover, neither Defendant was on notice that Lester Brown was going to bring suit, as Plaintiff Brown is a completely different party with completely different claims, though arising under the same statute. Defendants contend that Rule 15(c)(1)(A) does not apply because the FLSA contains no specific provision regarding relation back.

As a preliminary matter, the Eleventh Circuit has found that the FAC must satisfy the requirements of Rule 15(c)(1)(C) to relate back to the original complaint. *Makro Capital of Am. v. UBS AG*, 543 F.3d 1254 (11th Cir. 2008). Though that rule technically references amendments that change the parties against whom claims are asserted (here, the Trust), the Eleventh Circuit has previously applied it to situations in which new plaintiffs were added (thus, applying to Brown here). *See Cliff v. Payco Gen. Amer. Credits, Inc.*, 363 F.3d 1113, 1131–33 (11th Cir. 2004) (applying Rule 15(c)(1)(C) to a complaint that added a new plaintiff and rejecting relation back in such a situation). This application also aligns with the policy considerations undergirding Rule 15, namely fairness to all parties regarding the imposition of statutes of limitations.[4] In this case, the

---

[4] *See* Fed.R.Civ.P. 15 advisory committee's note (1966) ("[T]he chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."). Though this interpretation could conflict with the language regarding "prejudice[ ] in defending on the merits" to the "party to

5

Trust was added as a plaintiff in the FAC, thus triggering the additional requirements of Rule 15(c)(1)(C). Defendants do not see how Plaintiffs can contest this determination.

Therefore, as to the Trust, the suit commenced on October 20, 2017, and the 3-year statute of limitations on FLSA claims (assuming willfulness is properly pled in the FAC, though it is really just a legal conclusion that does not have to be accepted by the Court), means that Plaintiff Switala and Plaintiff Brown's claims against the Trust go back to October 20, 2014. Further, it also means that Plaintiff Brown's claims are to be adjudged as having commenced on October 20, 2017, and thus any claims against either Defendant on or before October 20, 2014 should be dismissed.

### III. THE PLAINTIFFS SEEK TO RECOVER WELL BEYOND THE STATUTE OF LIMITATIONS IN THIS CASE—PLAINTIFF SWITALA TO AUGUST 1, 2011 AND PLAINTIFF BROWN TO NOVEMBER 1, 2005.

An issue in this case is that the Plaintiffs have pled general overtime claims against the Plaintiffs. The Plaintiffs had much more specific allegations regarding alleged fraud and other alleged wrongdoing in the Third Amended Complaint, which were intentionally withdrawn and not included in the FAC, presumably because the Plaintiffs viewed those allegations as pertaining to the fraud-based claims (such as, § 7434) contained in the TAC. It is the Defendants' contention that because the Court reviews the four corners of the operative pleading to determine whether the FAC states a claim, it should determine that any claims that seek to go outside the statute of limitations should be dismissed. Specifically, the Defendants contend that all claims which go beyond the basic statute of limitations in the case (3 years since willfulness was pled see 29 U.S.C. § 255, though it was claimed in conclusory fashion), any claim by Switala earlier than August 7, 2012 and any claim by Plaintiff Brown earlier than October 20, 2014, is outside the statute of limitations and must be dismissed. Moreover, while it is true that statutory causes of action can potentially be subject to equitable tolling, there is not such specific request for equitable tolling in the FAC and no allegations that would give rise to equitable tolling even suggested.

As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER,* 463 F.3d 1210, 1215 (11th Cir. 2006)); *Fritz v. Standard Sec. Life Ins.* Co., 676 F.2d 1356, 1358 (11th

---

be brought in by amendment," the courts view this text as referring to the defendant in all cases.

Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). This is also true when allegations are included in an earlier version of the complaint but withdrawn in a later version, the earlier version's allegations are to be disregarded. *Rockwell Int'l Corp. v. United States,* 549 U.S. 457 (2007) (when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction and if the amended pleading does not establish jurisdiction the complaint is due to be dismissed) (citing *Wellness Community–Nat. v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995); *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir. 1985)). *Rockwell* concerned, in part, whether the Court should look at the plaintiff's original complaint or the amended complaint to determine if certain statutory jurisdictional prerequisites were met. *Id.* at 1408–09. The Supreme Court concluded that the withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeats jurisdiction. *Id.* The *Pintendo* panel specifically noted that in *Boelens v. Redman Homes, Inc.*, the Fifth Circuit also found that jurisdiction must be determined by looking at the amended complaint and concluded that "the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction", 759 F.2d 504, 506–08 (5th Cir. 1985), and adopted that reasoning. Here, since the Plaintiffs withdrew any allegations that would remotely give rise to equitable tolling and withdrew any request for equitable tolling, the Court should dismiss any claims outside the applicable 3-year statute of limitations to be measured as to each Plaintiff as to each Defendant as set forth above.

The Plaintiffs do not try to resurrect any time-barred claims by alleging equitable tolling generally or specifically and thus the Court should not extend the statute of limitations of the FLSA. Plaintiff's claims regarding equitable tolling are without merit. The party seeking equitable tolling has the burden of proof, *Menominee Indian Tribe of Wis. v. United States*, ––– U.S. –––, 136 S.Ct. 750, 755–56, 193 L.Ed.2d 652 (2016), and here, the Plaintiffs have not mentioned that they seek to equitably toll the running of the statute of limitations, much less any facts that would give rise to equitable tolling.

The general test for equitable tolling requires the party seeking tolling to prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his suit. *Id.* at 755 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Although the Supreme Court has stopped short of holding that this test applies in all contexts, *see id.* at 756 n.2, the Eleventh Circuit has applied it in a variety of contexts, *see, e.g.*,

---

Fed.R.Civ.P. 15(c)(1)(C)(i).

*Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1197, 1200 (11th Cir. 2008) (Railway Labor Act); *Cabello v. Fernandez–Larios*, 402 F.3d 1148, 1154–55 (11th Cir. 2005) (Torture Victim Protection Act); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (Antiterrorism and Effective Death Penalty Act); *see also Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (requiring extraordinary circumstances in an action under the Social Security Act); *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (requiring due diligence in an action under the Public Vessels Act and the Suits in Admiralty Act); *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 970–71 (11th Cir. 2016) (tobacco cases).  An extraordinary circumstance is not a bare allegation that Plaintiffs are entitled to overtime going back to 2005.  Those facts, which are the facts as set forth in the FAC, particularly when coupled with no statement that equitable tolling is sought, do not warrant equitable tolling of any statute.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred."[13] *La Grasta v. First Union Securities, Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion, and dismiss the Trust from any claim against it by Plaintiff Switala, hold that Plaintiff Brown's claims against the Trust begin on October 20, 2017 and go back no more than 3 years back, that Plaintiff Switala's claims against Rosenstiel go back no longer than 3 years from August 7, 2015, and that Plaintiff Brown's claims go back no longer than 3 years from October 20, 2017 as to Rosenstiel.

Respectfully submitted,

By: /s/ *Chris Kleppin*
Chris Kleppin
Fla. Bar No. 625485
ckleppin@gkemploymentlaw.com
Chelsea Lewis, Esq.
Fla. Bar No. 111607
clewis@gkemploymentlaw.com
Glasser & Kleppin, P.A.
Attorneys for Defendants

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Matt Person, Esq. and Martin Leach, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ *Chris Kleppin*
    Chris Kleppin
    Fla. Bar No. 625485
    ckleppin@gkemploymentlaw.com
    Chelsea Lewis, Esq.
    Fla. Bar No. 111607
    clewis@gkemploymentlaw.com
    Glasser & Kleppin, P.A.
    Attorneys for Defendants
    8751 W. Broward Blvd.
    Suite 105
    Plantation, FL 33324
    Tel. (954) 424-1933
    Fax  (954) 474-7405
Secondary E-Mails:   dcano@gkemploymentlaw.com
    esinclair@gkemploymentlaw.com