United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Henryk Switala and Lester Brown, Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | Civil Action No. 17-21872-Civ-Scola |
| | ) | |
| Blanka Rosenstiel and Blanka A. Rosenstiel Trust, Defendants. | ) ) | |

## Order on Motion to Dismiss

Plaintiffs Henryk Switala and Lester Brown bring this action against Defendants Blanka Rosenstiel and the Blanka A. Rosenstiel Trust (the "Trust") for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). This matter is before the Court on the Defendants' partial motion to dismiss the Fourth Amended Complaint (ECF No. 43). For the reasons set forth below, the Court **grants in part and denies in part** the motion to dismiss (**ECF No. 43**).

### 1. Background

The Fourth Amended Complaint ("FAC") alleges that Plaintiff Henryk Switala was employed by the Defendants as a caretaker from August 1, 2011 through August 23, 2013. (FAC ¶ 7, ECF No. 34.) Plaintiff Lester Brown was employed by the Defendants as a caretaker from November 1, 2005 through October 27, 2014. (*Id.*) The FAC alleges that the Defendants failed to pay overtime wages to both Plaintiffs. (*Id.* ¶¶ 11-12, 16-19.)

Switala initiated this case against Rosenstiel in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on August 7, 2015. *Switala v. Rosenstiel*, No. 2015-014076-SP-23. On May 18, 2017, the Defendant removed the Plaintiff's Second Amended Complaint to this Court (ECF No. 1). On July 5, 2017, Switala filed his Third Amended Complaint against Rosenstiel, asserting claims for unpaid overtime wages and retaliatory discharge under the FLSA, and unlawful retaliation under the Florida Whistleblower Act (ECF No. 13). Rosenstiel moved to dismiss the Third Amended Complaint (ECF No. 14). In response, Switala moved for leave to file a fourth amended complaint (ECF No. 15).

The proposed amended complaint sought for the first time to add Brown as a plaintiff and the Trust as a defendant, and sought to add claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and 26 U.S.C. § 7434(a), which provides a civil remedy for the filing of fraudulent information

returns. (Mot. for Leave to Amend, ECF No. 15.) Rosenstiel opposed the motion for leave to amend, arguing that the amendments would be futile because the proposed amended complaint suffered from many of the same defects as the Third Amended Complaint. (Def.'s Resp., ECF No. 23.) The Court granted in part and denied in part the motion for leave to amend, directing Switala to file an amended complaint in accordance with the rulings in the order on or before October 13, 2017 (ECF No. 26). After receiving an extension of time, Switala and Brown filed the FAC against Rosenstiel and the Trust on October 20, 2017. The FAC asserts one count of failure to pay overtime wages in violation of the FLSA.

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

## 3. Analysis

The Defendants argue that a portion of the Plaintiffs' claims should be dismissed because they are barred by the statute of limitations. The statute of limitations is an affirmative defense and "dismissal on such grounds is

appropriate only if it is apparent from the face of the complaint that the claim is time-barred," and "only if it appears beyond a doubt that a plaintiff can prove no set of facts that toll the statute." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 764 (11th Cir. 2008) (internal quotations and citations omitted). FLSA claims are generally subject to a two-year statute of limitations. 29 U.S.C. § 255(a); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). However, "if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years. *Id.* The Defendants' motion applies the three-year statute of limitations because the FAC alleges that the violations of the FLSA were willful. (Mot. to Dismiss 6.)

Plaintiff Brown did not join this lawsuit until the filing of the FAC on October 20, 2017. Thus, it is apparent from the face of the FAC that his claims prior to October 20, 2014 are time-barred.

Plaintiff Switala initiated this action against Defendant Rosenstiel in state court on August 7, 2015, alleging *inter alia* that he had not been paid overtime wages. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Here, the FAC appears to raise the same claim for overtime wages raised in Switala's initial pleading in state court. The Defendants argue that Switala never served the initial complaint on Rosenstiel, and imply that the Second Amended Complaint, which was filed on March 22, 2017 and served on April 28, 2017, should serve as the operative complaint in this matter. (Mot. 1.) However, the Defendants provide no support for their assertion that it is service of a complaint, rather than the filing of a complaint, that tolls the statute of limitations. Indeed, in the course of arguing that Switala's claims against the Trust are time-barred, the Defendants rely on the *filing* date of the FAC and state: "On [sic] important rubric for this motion is that 'It is undisputed that named plaintiffs commence their civil action upon the filing of their complaint.'" (*Id.* 1-2 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1105 (11th Cir. 1996)). Accordingly, Switala may assert claims against Rosenstiel dating back to August 7, 2012, since Switala initiated this action against Rosenstiel in state court on August 7, 2015.

However, as noted by the Defendants, Switala did not name the Trust as a defendant until the filing of the FAC on October 20, 2017. Rule 15(c)(1)(C) allows an amendment to relate back to the date of the original pleading where the amendment names a new defendant if the new defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought

against it but for a mistake concerning the proper party's identity." *See also Ealy-Simon v. Liberty Medical Supply, Inc.*, No. 05-14059, 2007 WL 1521628, at *3 (S.D. Fla. May 23, 2007) (Moore, J.) (Rule 15(c)(1)(C) "allows amendments of a pleading to relate back to the date of the original complaint when the newly named defendants had notice of the action and knew or should have known they would have been named as parties to the action, but for the Plaintiff's error.") The Defendants argue that Switala's claims against the Trust should not relate back to the date of the original pleading because the FAC alleges that the Trust paid the Plaintiffs throughout their employment, and the Plaintiffs were therefore on notice that the Trust may be a potential defendant. (Mot. 5.) However, the Defendants have flipped the standard set forth in Rule 15(c)(1)(C). The test is not whether the *plaintiff* had, or should have had, notice of the identity of the potential defendant, but whether the potential *defendant* received notice of the action and knew or should have known that they would be named as parties to the action but for a mistake on the part of the plaintiff. Fed.R.Civ.P. 15(1)(C).

The FAC alleges that both Rosenstiel and the Trust were Switala's employers and that both Rosenstiel and the Trust paid Switala. (FAC ¶¶ 1, 11.) In addition, the Trust shares Rosenstiel's name. Based on these facts, it is entirely possible that the Plaintiffs will be able to establish that the Trust received notice of this action at the same time Rosenstiel received notice of the action, and that the Trust knew or should have known that it would be named as a party to this action but for Switala's error. Therefore, the Court cannot say that it is apparent from the face of the FAC that Switala's claim against the Trust is time-barred in its entirety. Although the Defendants assert that Rosenstiel was not served with a complaint in this matter until April 28, 2017, that is a factual issue that goes to the notice requirement of Rule 15(c)(1)(C) and is inappropriate for resolution at this stage of the case.

In response to the Defendants' motion to dismiss, the Plaintiffs simply copied and pasted sections from the Court's order on the Plaintiff's Motion for Leave to File Amended Complaint to Add Parties and assert that the Court already addressed the statute of limitations issue. (Resp. 3-4, ECF No. 45.) The Plaintiffs are partially correct: in the context of deciding whether the Plaintiffs' proposed amendments to the Third Amended Complaint would be futile, the Court held that the proposed amendments would not be futile in part because a portion of Switala's and Brown's claims were not barred by the statute of limitations. (Order 4-5, ECF No. 26.) In addition, the Court held that the proposed amended complaint contained "sufficient factual allegations concerning the Defendants' intentional interference with the Plaintiffs' ability to pursue their rights that the Court cannot say that it is beyond doubt that the

Plaintiffs could prove no set of facts that toll the statute." (Order 4, ECF No. 26.) However, the proposed amended complaint on which the Court based this holding contained far more detailed allegations than the amended complaint that the Plaintiffs actually filed. Unlike the proposed amended complaint, the FAC does not contain *any* factual allegations concerning the Defendants' intentional interference with the Plaintiffs' ability to pursue their rights. Thus, the Plaintiffs' attempt to rely on the Court's previous ruling in order to defeat the Defendants' motion to dismiss fails because the Order analyzed a version of the complaint that was not ultimately filed and the Court was ruling on a motion for leave to amend, not a motion to dismiss.

"Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence.'" *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis in original). "[T]olling is an extraordinary remedy which should be extended only sparingly." *Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). The burden is on the plaintiff to show that equitable tolling is appropriate. *Arce*, 434 F.3d at 1261 (citing *Justice*, 6 F.3d at 1479). Where there has been no showing of a basis for equitable tolling in either the complaint or a response to a motion to dismiss, courts have granted motions to dismiss claims as time-barred. *See, e.g. Insignares v. Countrywide Home Loans, Inc.*, No. 09-60128, 2009 WL 2444322, at *1 (S.D. Fla. July 15, 2009) (Jordan, J.) (dismissing claims as time-barred where there were no allegations to support equitable tolling); *Sheppard v. Johnson*, No. 3:11cv104, 2011 WL 5547129, at *2-3 (N.D. Fla. Oct. 14, 2011) (dismissing claims as time-barred because the plaintiff did not identify any extraordinary circumstances in the complaint or in the opposition to the motion to dismiss) *cf. Spadaro v. City of Miramar*, 855 F.Supp.2d 1317, 1335 (S.D. Fla. 2012) (Cohn, J.) (declining to dismiss claims as time-barred because the amended complaint alleged that the statute of limitations should be equitably tolled due to fraudulent concealment); *Maale v. Kirchgessner*, No. 08-80131, 2010 WL 11506072, at *6 (S.D. Fla. June 21, 2010) (Dimitrouleas, J.) (declining to decide on motion to dismiss whether statute of limitations barred claims because the allegations in the complaint raised a "genuine issue as to whether equitable tolling principles would apply to such claims."). Since equitable tolling is an extraordinary remedy and the Plaintiffs have not identified any grounds to support the application of such a remedy either in the FAC or in their response to the motion to dismiss, the Court finds that equitable tolling does not apply.

**4. Conclusion**

Accordingly, the Court **grants in part and denies in part** the Defendant's partial motion to dismiss (**ECF No. 43**). The Court **dismisses with prejudice** Switala's claim for overtime wages against both Defendants prior to August 7, 2012, and Brown's claim for overtime wages against both Defendants prior to October 20, 2014. However, at this stage in the case the Court declines to dismiss Switala's claim against the Trust in its entirety.

**Done and ordered** at Miami, Florida on December 13, 2017.

Robert N. Scola, Jr.
United States District Judge